Taft, C. J.
The record discloses that no evidence was offered in support of the allegations of the petition to vacate, and no admissions that might support those allegations were made by the judgment creditor in its answer to the petition to vacate or in its opening statement. It is apparent, therefore, that the trial court erred in vacating the judgment which had been rendered at a previous term of court unless that judgment is void. This is recognized in the brief of the judgment debtor, who endeavors to avoid the necessity of relying on the *427 statutes providing for vacation of judgments after term by contending that the 1959 default judgment is void because the judgment creditor “did not state a cause of action in its petition by failing to plead an assignment” and because “the omission of this essential allegation in the petition [i. e., that Man-love had assigned his interest in the claim sued on to the judgment creditor] rendered the statement of the cause of action fatally defective, and the judgment which was rendered on said petition, void.”
In 30A American Jurisprudence, 782, Section 866, it is said:
“It is a general rule of law that a judgment rendered by a court having jurisdiction of the subject matter and the parties is not subject to collateral attack because of mere defects * * * in the pleadings. This rule has been declared to apply in all cases of an imperfect or defective complaint, and under it, a collateral attack may not be made * * * on the ground that the pleadings lack material averments and do not state a cause of action.”
In 49 Corpus Juris Secundum, 99, Section 40, it is said:
“It has been held that failure of plaintiff’s initial pleading to state a cause of action is not a jurisdictional defect, and that, except where the complaint shows that the court has no jurisdiction of the parties and the subject matter or fails to show affirmatively that the court has such jurisdiction, a judgment rendered thereon is not void merely because the petition fails to state a cause of action, as long as it apprises defendant of the nature of plaintiff’s demand.”
In Moore v. Robison (1856), 6 Ohio St., 302, the first paragraph of the syllabus reads:
“Where a court has jurisdiction of the subject matter of an action, and the form of action in which suit is brought, and the parties are before the court by proper process, its judgment in the case, though erroneous, is not void-, the jurisdiction is not ousted by the erroneous exercise of the power which it confers.”
In Mantho v. Board of Liquor Control (1954), 162 Ohio St., 37, 120 N. E. (2d), 730, the syllabus reads:
*428 “1. The Court of Appeals has jurisdiction of the subject matter involved in an appeal from a judgment of the Common Pleas Court which is rendered on appeal from a decision of the Board of Liquor Control with respect to the issuance or renewal of liquor permits.
“2. Although neither the Director of Liquor Control nor the Board of Liquor Control nor the Department of Liquor Control had authority to prosecute an appeal from a judgment of the Common Pleas Court with respect to the issuance or renewal of liquor permits, at the time such an appeal was taken, nevertheless, where such appeal was prosecuted by the Board of Liquor Control and no objection was raised to the prosecution of such appeal in the Court of Appeals, and the appeal was heard and judgment was rendered by the Court of Appeals, such judgment was valid and cannot thereafter be set aside or vacated on the ground of lack of jurisdiction of the Court of Appeals.”
Among other decisions of this court which support or tend to support the foregoing statements from American Jurisprudence and Corpus Juris Secundum are Hart v. Manahan (1904), 70 Ohio St., 189, 71 N. E., 696; McCurdy v. Baughman (1885), 43 Ohio St., 78, 1 N. E., 93; and Sheldon’s Lessee v. Newton (1854), 3 Ohio St., 494.
When the vacated judgment was rendered, the court admittedly had jurisdiction over the persons of both plaintiff, who brought the action, and defendant, who filed an answer expressly recognizing that plaintiff was suing as an assignee of the claim sued on. Certainly, the court which rendered that judgment had jurisdiction of the subject matter, i. e., an action to recover money on an account for $1,675.
The precise question involved in the instant case was before the Superior Court of Cincinnati in Smead, Collard and Hughes v. Fay (1857), 1 Disney, 531, 12 Dec. Rep., 777, where it was held that a judgment would not be set aside on a showing by the defendant that the plaintiff was not the real party in interest.
Even in criminal cases, where an indictment omits an essential element of a crime, this court has consistently held that a judgment of conviction of that crime pursuant to that indict *429 ment cannot be collaterally attacked. See Perry v. Maxwell, Warden (1963), 175 Ohio St., 369.
For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Municipal Court for further proceedings.

Judgment reversed.

Zimmerman, Matthias, O’Neill, Grieeith and Herbert, JJ., concur.